**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK**
_____

JEFFREY GRANT,

                Plaintiff,

     v.                                                                 11-CV-1012-A
                                                                              **DECISION AND ORDER**

SEAN F. DAVIS, Correction Officer;
MATT B. MATWIEJOW, Correction Officer;
TIMOTHY R. STRONG, Correction Officer;
BRANDON COON, Correction Officer;
MARK VANDEGRIFT, Correction Officer; and
DANIEL JOHNSON, Correction Officer,

                Defendants.
_____

       This case is before the Court on the Plaintiff's objections to Magistrate Judge Michael J. Roemer's Report and Recommendation (Docket No. 62), which recommends granting a motion for summary judgment filed by Defendants Coon, Vandegrift, and Johnson. *See* Docket No. 50.[1] For the reasons stated below, the Court declines to adopt the Report and Recommendation and therefore denies the Defendants' motion for summary judgment.

## DISCUSSION

       The Court assumes familiarity with Judge Roemer's Report and Recommendation, the record, and the parties' arguments. The Court reviews the Plaintiff's objections *de novo*. 28 U.S.C. § 636(b)(1).

---

[1] The remaining Defendants did not move for summary judgment.

It is "axiom[atic] that in ruling on a motion for summary judgment, 'the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor.'" *Tolan v. Cotton*, 572 U.S. 560, 651 (2014) (per curiam) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)) (brackets omitted). Nonetheless, as Judge Roemer noted, there may be "rare circumstances where the plaintiff relies almost exclusively on his own testimony, much of which is contradictory and incomplete," such that "it will be impossible for a district court to determine whether 'the jury could reasonably find for the plaintiff,' and thus whether there are any 'genuine' issues of material fact, without making some assessment of the plaintiff's account." *Jeffreys v. City of New York*, 426 F.3d 549 (2d Cir. 2005) (quoting *Anderson*, 477 U.S. at 252). A court, in other words, need not deny summary judgment merely because the plaintiff disputes the defendant's account of events. Rather, a court is only required to draw "justifiable" inferences in the non-moving party's favor. Thus, "[w]hen opposing parties tell two different stories, one of which is *blatantly* contradicted by the record, so that no reasonable jury could believe it, a court should not adopt the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (emphasis added). Even with this standard, however, the moving party must still carry "the difficult burden of demonstrating that there is no evidence in the record upon which a reasonable factfinder could base a verdict in the plaintiff's favor." *Jeffreys*, 426 F.3d at 554.

The Court agrees with Judge Roemer's careful analysis of the record, which shows a number of inconsistencies between the Plaintiff's version of events and the Defendants' version. But the Court does not believe that, either individually or collectively, those inconsistencies are so "blatant[]" that summary judgment is appropriate.

2

The Plaintiff, for instance, has inconsistently reported the number of corrections officers who allegedly assaulted him, and his physical descriptions of the alleged assailants have not been accurate. *See* Docket No. 50 at 16-17. It would not, however, be unreasonable to infer that the Plaintiff could not accurately recall the number and identities of his alleged attackers in the midst of what he claims was a brutal assault. This inference is made more reasonable by the fact that no party disputes that there was, in fact, an altercation involving the Plaintiff and several corrections officers; rather, the dispute is over the identities of the corrections officers involved in the altercation. This makes it less likely that the Plaintiff's claim is "wholly fanciful," such that summary judgment is appropriate. *Jeffreys*, 426 F.3d at 554 (quotation marks omitted).

The Court has also carefully considered a video taken after the alleged assault (Docket No. 39, Ex. B), which shows the Plaintiff moving about with relative ease, dressing and undressing himself, and following commands from corrections officers. There is no question that this evidence undermines the Plaintiff's version of the assault. But the video (as well as the Plaintiff's medical records) still show that the Plaintiff sustained a ¾" laceration on his ear lobe, an abrasion on his cheek, and bruising. Likewise, the Plaintiff's version of post-assault events is consistent with what is seen in the video. Again, this makes it less likely that the Plaintiff's version of the alleged assault immediately preceding the video is "wholly fanciful."

Viewing the evidence in the light most favorable to the Plaintiff, a reasonable jury could conclude, after viewing the video and reviewing the medical evidence, that the Plaintiff was, as he claims, assaulted, but that he exaggerated certain aspects of the assault. Of course, a jury could also conclude that the video undermines the Plaintiff's

credibility to such a degree that none of his claims are worthy of belief. Choosing which of these inferences to draw, however, is a task reserved solely for the jury. *See Rule v. Brine, Inc.*, 85 F.3d 1002, 1011 (2d Cir. 1996) ("Assessments of credibility and choices between conflicting versions of the events are matters for the jury, not the court on summary judgment.") In other words, because the video and medical records do not "blatantly" contradict the Plaintiff's version of events, summary judgment is not appropriate.

Finally, the Court agrees with Judge Roemer that the moving Defendants have each put forward reasonable explanations for why they could not have participated in the alleged assault. *Id.* at 17-18. Again, however, viewing the evidence in the light most favorable to the Plaintiff, the Court cannot conclude that summary judgment is warranted. The Plaintiff's claim that he was assaulted is supported by his own testimony, the injuries he sustained, and the video, which is consistent with the Plaintiff's testimony about the events following the assault. This Court recognizes that this evidence is not robust. But under these circumstances, the Court would need to conclude that the Plaintiff's version of events is entirely fabricated in order to justify summary judgment. *Jeffreys*, however, "'does not authorize district courts to 'engage in searching, skeptical analyses of parties' testimony in opposition to summary judgment.'" *Matheson v. Kitchen*, 515 F. App'x 21, 24 (2d Cir. 2013) (quoting *Rojas v. Roman Catholic Diocese of Rochester*, 660 F.3d 98, 106 (2d Cir. 2011)).

This is a close case. The Court is mindful that many of "the inconsistencies identified by [the moving defendants] might well lead a jury to reject the credibility of [the Plaintiff's] testimony." *Id.* Nonetheless, they do not "place this case among the

4

'extraordinary cases, where the facts alleged are so contradictory that doubt is cast upon their plausibility.'" *Id.* (quoting *Rojas* 660 F.3d at 106). Thus, after careful consideration of the record as a whole, and after viewing the evidence in the light most favorable to the Plaintiff, the Court cannot conclude that "no reasonable jury could believe" the Plaintiff's version of events. *Scott*, 550 U.S. at 380.

## CONCLUSION

For the reasons stated above, the Court declines to adopt the Report and Recommendation (Docket No. 62) and denies the Defendants' motion for summary judgment. Docket No. 39. A meeting to set a trial date is scheduled for February 5, 2019 at 9:00 a.m.

**SO ORDERED.**

Dated: January 23, 2019                      *s/Richard J. Arcara*
     Buffalo, New York              HONORABLE RICHARD J. ARCARA
                                                                           UNITED STATES DISTRICT JUDGE